Darrell JOHNSON, Plaintiff–Appellant,

v.

Raymond C. BIGELOW, District Court
Judge Section "I", Orleans Criminal
District Court, Defendant–Appellee.

No. 06–30255
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

April 17, 2007.

Darrell Johnson, Angola, LA, pro se.

Before HIGGINBOTHAM,
BENAVIDES, and PRADO, Circuit
Judges.

PER CURIAM: *

Darrell Johnson, Louisiana prisoner
# 114419, has filed a motion for leave to
proceed in forma pauperis (IFP) on ap-
peal. The district court denied Johnson's
motion to appeal IFP and certified that the
appeal was not taken in good faith. By
moving for IFP, Johnson is challenging
the district court's certification. *See
Baugh v. Taylor,* 117 F.3d 197, 202 (5th
Cir.1997).

Johnson argues that the district court
erred in dismissing his 42 U.S.C. § 1983
suit because Judge Bigelow is not judicial-
ly immune from claims for equitable relief
and for attorney's fees. He also argues
that federal courts, via § 1983, may ad-
dress unconstitutional actions taken by
state courts by awarding injunctive relief.

Johnson is correct that judicial immuni-
ty does not bar claims for injunctive or
declaratory relief in civil rights actions.
*See Holloway v. Walker,* 765 F.2d 517, 525
(5th Cir.1985). The dismissal of his claims
for such relief was nevertheless appropri-
ate as the federal courts have no authority
to direct state courts or their judicial offi-
cers in the performance of their duties.
*See Moye v. Clerk, DeKalb County Superi-
or Court,* 474 F.2d 1275, 1276 (5th Cir.
1973). Johnson's request for attorney's
fees pursuant to 42 U.S.C. § 1988, which
allows a district court, in its discretion, to
award attorney's fees to a prevailing party
in a § 1983 action, was also properly dis-
missed as Johnson did not prevail in his
§ 1983 suit. *See* § 1988.

As Johnson has not shown that the dis-
trict court's dismissal of his appeal was
incorrect, his request for IFP is denied
and his appeal is dismissed as frivolous.
*See Baugh,* 117 F.3d at 202 n. 24; 5TH CIR.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

R. 42.2. The district court's dismissal of his § 1983 suit and this court's dismissal of this appeal as frivolous each count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 385–87 (5th Cir.1996). Johnson is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.